UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORIO PIMENTAL, | ) | |
| | ) | Case No. 1:07-CV-01163 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE ANN ALDRICH |
| | ) | |
| STUART HUDSON, | ) | Magistrate Judge Nancy A. Vecchiarelli |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | MEMORANDUM AND ORDER |
| | ) | |

In October 2003, petitioner Gregorio Pimental ("Pimental") was convicted in the Court of Common Pleas for Cuyahoga County, Ohio, on one count of trafficking with a major drug offender specification and one count of tampering with records. Consequently, Pimental was sentenced to an aggregate term of eleven years' incarceration in December 2003. Pimental appealed his conviction to the Eighth District Court of Appeals ("state appellate court"), alleging four assignments of error. In February 2005, the state appellate court affirmed the judgment of conviction and the sentence. Pimental thereafter filed a timely appeal to the Ohio Supreme Court, asserting the same four assignments of error. In May 2005, the Ohio Supreme Court denied leave to appeal and dismissed Pimental's appeal, finding that it did not involve any substantial constitutional question.

Prior to the Ohio Supreme Court's dismissal of his appeal, Pimental filed an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B), alleging one assignment of error. This application was denied by the state appellate court in September 2005. Pimental appealed the denial, but the Ohio Supreme Court dismissed the appeal on January 25, 2006.

On April 19, 2007, Pimental filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1).  The petition was referred to Magistrate Judge Vecchiarelli for a report and recommendation ("R&R"), which was filed on April 29, 2008 (Doc. No. 9).  Magistrate Judge Vecchiarelli recommended that Pimental's petition be dismissed.  Pimental filed his objections to the R&R on May 13, 2008 (Doc. No. 11).

### I. Standard of Review

Federal Rule of Civil Procedure 72(b) requires this Court to review *de novo* any portion of the magistrate judge's disposition to which specific objections have been made.  Accordingly, Local Rule 72.3(b) requires that objections "specifically identify the portions of the proposed findings, recommendations, or report  to which objection is made and the basis for such objections."  A district judge "shall make *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge."  *Id*.

### II. Discussion

In the R&R, Magistrate Judge Vecchiarelli recommended that Pimental's petition be dismissed because the statute of limitations had expired under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),  as interpreted by *Lawrence v. Florida*, 127 S. Ct. 1079 (2007).  Under the AEDPA, a petitioner must file his or her habeas petition within one year after "the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired."  *Branaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  This limitations period, however, is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review."  28

-2-

U.S.C. § 2244(d)(2).  A 26(B) application to reopen an appeal is a collateral proceeding within the meaning of § 2244(d)(2).  *Lopez v. Wilson*, 426 F.3d 339, 352 (6th Cir. 2005).  The U.S. Supreme Court in *Lawrence* held that the statute of limitations is tolled during a collateral proceeding, such as a 26(B) application, only until the state court has completed review of the application and not during the pendency of a certiorari petition to the U.S. Supreme Court.  *See Lawrence*, 127 S. Ct. at 1084.

According to Magistrate Judge Vecchiarelli, the limitations period for Pimental's habeas petition began to run on January 25, 2006 when the Ohio Supreme Court dismissed his appeal relating to the denied 26(B) application.  The limitations period expired one year later on January 25, 2007.  As a result of the holding in *Lawrence*, the limitations period was not tolled during the 90-day period in 2006 during which Pimental could have petitioned the U.S. Supreme Court for a writ of certiorari.  Magistrate Judge Vecchiarelli found, therefore, that Pimental's habeas petitioned, filed on April 19, 2007, was untimely under the AEDPA.  Pimental agrees with Magistrate Judge Vecchiarelli's conclusion as to the untimeliness of his habeas petition.

In response to the government's motion to dismiss for untimeliness, Pimental petitioned the court to employ the doctrine of equitable tolling.  *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001) (holding that the AEDPA's statute of limitations is subject to the doctrine of equitable tolling), *cert. denied*, 534 U.S. 1057 (2001).  In his response, Pimental argued that he reasonably relied on then-current Sixth Circuit precedent indicating that the AEDPA one-year limitations period would be tolled during the 90 days following the Ohio Supreme Court's January 25, 2006, dismissal of his 26(B) application.  Moreover, Pimental argued that *Lawrence*, which overruled this Sixth Circuit precedent, was not decided until February 20, 2007, after the untolled statutory deadline of January 25, 2007.

-3-

In the R&R, Magistrate Judge Vecchiarelli found that Pimental failed to present compelling reasons for granting equitable tolling.  In January 2007, the holding of *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003), *overruled by Lawrence*, 127 S. Ct. 1079, did provide for tolling that would have rendered Pimental's claim timely, but Magistrate Judge Vecchiarelli found that Pimental did not rely on or cite to *Abela*.  According to the R&R, Pimental incorrectly and unreasonably relied *on Branaugh*, which explicitly assumed without deciding that tolling was impermissible.  *Branaugh*, 235 F.3d at 286 n.10.  Furthermore, Magistrate Judge Vecchiarelli found that even if Pimental had relied on *Abela*, Pimental's reliance would have been unreasonable.  Before the statute of limitations expired on January 25, 2007, Pimental was on notice that the holding in *Abela* would likely be overturned in *Lawrence*, which was pending before the Supreme Court at the time.  Moreover, Magistrate Judge Vecchiarelli found that Pimental demonstrated a lack of due diligence by waiting for two months after *Lawrence* was decided before filing his claim.  Because Magistrate Judge Vecchiarelli found his reliance on a tolled limitations period to be unreasonable and his petition to be delayed, she recommends that Pimental's petition be dismissed.

Pimental's only objection to the R&R is that the court should have tolled the limitations period under the doctrine of equitable tolling.  He merely restates the arguments he made before the magistrate judge.  Such a general and conclusory objection is functionally the same as filing no objection at all. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991).  In any case, Pimental's objection does not provide this court with any reason to reject Magistrate Judge Vecchiarelli's finding that equitable tolling would be unjustified.  Therefore, the court adopts the magistrate judge's findings of fact and conclusions of law, finds that Pimental is not entitled to equitable tolling, and dismisses the petition.  The case is therefore dismissed.

-4-

**III. Conclusion**

For the foregoing reasons, the court adopts the well-reasoned and thorough R & R in its entirety and denies Pimental's petition for a writ of habeas corpus.  Further, upon finding that Pimental has not made a substantial showing of the denial of a constitutional right, the court declines to issue a certificate of appealability for this order.  *See* 28 U.S.C. § 2253(c)(2).  Therefore, this order is final, but not appealable.

IT IS SO ORDERED.

    /s/ *Ann Aldrich*
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated:  September 5, 2008**